IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| --- | --- | --- |
| v. | : | |
| | : | NO. 06-284 |
| PRESTON PICKETT | : | |
| a/k/a "GARNELL AYERS" | : | |

DUBOIS, J.     MARCH 29, 2011

# M E M O R A N D U M

## I.   INTRODUCTION

On February 27, 2007, defendant was sentenced to one (1) day imprisonment, to be followed by five (5) years of supervised release. Defendant now seeks early termination of his supervised release. For the reasons stated in this Memorandum, Defendant's Petition for Early Termination of Supervised Release is denied.

## II.   BACKGROUND

On June 14, 2006, the United States Attorney for this District filed a one-count Information charging the defendant with making a false statement upon application for a loan, in violation of 18 U.S.C. § 1014. Defendant pled guilty to the Information. The charge arose out of the defendant's use of a fraudulent name to purchase his home which, at the time, was subject to foreclosure proceedings.

## III.   DISCUSSION

18 U.S.C. § 3583(e) provides for modification of conditions or termination of supervised release. The statute provides, in part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)–
> 
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to

> the provisions of the Federal Rules of Criminal Procedure
> relating to the modification of probation, if it is satisfied that such
> action is warranted by the conduct of the defendant released and the
> interest of justice.

18 U.S.C. § 3583(e)(1). In determining whether termination of supervised release is appropriate, this Court must evaluate, *inter alia*, the nature and circumstances of the offense, the defendant's history and characteristics, the need to deter criminal conduct, the need to protect the public from further crimes of the defendant, and the need to provide the defendant with appropriate supervision. The phrase "interest of justice" as used in 18 U.S.C. § 3583(e) gives district courts latitude to consider a broad range of factors. *See*, *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir.1999).

Before granting a motion for early termination of supervised release the Court must be satisfied that the relief requested is warranted by the conduct of the defendant and is consistent with the interests of justice. *See, United States v. Toussie*, 2005 WL 2095728, *2 (E.D. N.Y. 2005). "Early termination is not warranted as a matter of course; on the contrary, it is only 'occasionally' justified due to 'changed circumstances' of a defendant, such as 'exceptionally good behavior.'" *United States v. Sheckley*, 129 F.3d 114, 1997 WL 701370, *1 (2d Cir. 1997) (unpub.). It is not enough to allege that the defendant has complied with all of the conditions of supervised release. *See Karacsonyi v. United States*, 152 F.3d 918 (unpub.), 1998 WL 401273, *1 (2d Cir. 1998) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release"); *United States v. Paterno*, 2002 WL 1065682, *3 (D. N.J. 2002) ("Merely complying with the terms of his probation and abiding by the law are not in and of themselves

2

sufficient to warrant early termination of probation; rather, this is simply what is expected of defendant.").

Defendant states in his Petition that he has been working three jobs to support his family. He then goes on to state that, in order to more easily meet his responsibilities in two of his jobs, as well as his duties as a parent, " . . . it would be better if he could freely travel without requesting the permission of the Probation Officer or the Court." Defendant does not say in the Petition whether he has encountered any difficulty in obtaining prior approval from the United States Probation Office to travel in connection with his employment or for family events.

Defendant omits reference to another very significant matter in his Petition for Early Termination of Supervised Release - he failed to mention that he is currently under investigation into the conduct of his real estate activities while on supervised release. Specifically, as stated by the Government in its response to the Petition, while on supervised release, defendant accepted at least $166,000 from investors in return for promissory notes that offered above-market returns. The defendant claimed that he would invest the money in real estate. However, since issuing those notes, according to the Government, very little has been paid back by the defendant to the note holders.

Defendant was convicted of a serious crime. Considering all of the goals of sentencing - particularly, appropriate punishment, deterrence, protection of the public interest, and an opportunity to complete rehabilitation - the Court concludes that early termination of defendant's supervised release is not warranted. Defendant has not come forward with any evidence of extraordinary conduct sufficient to warrant such early termination.

An appropriate Order follows.